IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUPERTO SAMUELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 8468 |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | |
| INC., DAN DRELLA, ANGIE ) | |
| SCHEEDLO, and DON AIKEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Counsel for Schneider Enterprise Resources, LLC ("Schneider," mistakenly identified by a similar name in the Complaint in this action) has filed its responsive pleading to the employment discrimination Complaint brought against it and three of its executives or former executives by ex-Schneider-employee Ruperto Samuels ("Samuels"). This memorandum order is issued sua sponte to address some problematic aspects of Schneider's pleading.

To begin with, Schneider's counsel inexplicably couples its Answer ¶¶5 and 31 disclaimers, advanced under Fed.R.Civ.P. ("Rule")8(b)(5), with the statement "and therefore, denies the same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

But what is far more disturbing is the almost total stonewalling manifested by the vast majority of Schneider's responses to Samuels' allegations -- an approach totally out of synch

with the notice-pleading principle that federal practice expects both plaintiffs and defendants to comply with. Schneider's counsel clearly overuse the denial alternative under Rule 8(b)(1)(B) -- just to choose one glaring example, there is clearly no way in which Schneider can flat-out deny such allegations as the following in Complaint ¶ 42 without running afoul of the obligations imposed on Schneider and its counsel under Rule 11(b):

> As a proximate result of his termination, Plaintiff has suffered past and future pecuniary losses in the form of wages, health benefits, retirement benefits and other fringe benefits. He has also suffered the loss of enjoyment of life, emotional pain, suffering and anguish, inconvenience, humiliation and the loss of self respect.[1]

It is not this Court's responsibility to spend its resources in a chapter- and-verse review of Schneider's answers. Instead it expects counsel to conduct her own paragraph by paragraph review and to recast the Answer so that it carries out the basic purpose of apprising Samuels' counsel and this Court of just what portions of Samuels' allegations are really denied and which are not.

And the same is true as to Schneider's purported affirmative defenses ("ADs") that follow the Answer itself:

> 1. AD 1 carries the telltale "to the extent" language that signals Schneider's speculative assertions rather than actual knowledge, although such knowledge is necessary to the legitimate assertion of a current AD. Accordingly AD 1 is stricken without prejudice to the possibility of a future reassertion if, as and when an actual

---

[1] That problem is also posed by the answers to Complaint ¶¶ 47 and 51.

rather than a hypothetical defense of that nature may become available through discovery.

2. AD 2 is framed in purely conclusory terms and must be replaced by a more focused defense that (a) provides a copy of Samuels' EEOC Charge of Discrimination and (b) particularizes Samuels' asserted failure to comply with Title VII in that regard. Meanwhile AD 2 is also stricken.

3. That same problem is also posed by AD 3, which is stricken as well.

4. AD 4 is totally hypothetical and is hence impermissible as a current AD. It too is stricken.

Accordingly all of Schneider's ADs are stricken at this time, but that action is without prejudice as to a future refiling if that becomes appropriate.

Finally, Schneider's asserted reservation of right contained in the penultimate paragraph of its responsive pleading is also stricken as both meaningless and unnecessary. If indeed some further defense arguably becomes available in the future, Schneider is free to tender the matter for consideration at that time.

/s/ William D. Shadur
Date: December 29, 2015    Senior United States District Judge